| | |
|---|---|
| **UNITED STATES DISTRICT COURT** <br> **EASTERN DISTRICT OF NEW YORK** | x <br> : <br> Doris Gardner, individually and on behalf of : <br> all others similarly situated, : <br> : Case No. <br> Plaintiff, : <br> : <br> v. : **CLASS ACTION COMPLAINT** <br> : <br> Unilever United States, Inc., : **JURY TRIAL DEMANDED** <br> : <br> Defendant. : <br> x |

Plaintiff Doris Garnder ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Unilever United States, Inc. ("Defendant"), seeking monetary damages and other remedies.

## NATURE OF ACTION

1. This is a putative class action lawsuit on behalf of purchasers of Dove Men+Care 0% Aluminum Deodorant[1] (the "Products"):

 

---

[1] The Products include all sizes of Dove Men+Care 0% Aluminum Deodorant in Eucalyptus + Birch and Lime + Sage Scents.

2. Defendant manufactures, markets, and sells the Products in thousands of stores throughout the United States, including the state of New York.

3. Defendant specializes in developing, marketing, and selling personal care products to consumers. According to Defendant, in 2024, the revenue derived from its personal care brands was €13.6 billion, with its largest geographical footprint in the United States. Defendant sells some of these personal care products, including the Products, under its Dove brand. "Dove is . . . one of the three biggest brands in Unilever, selling more than €5 billion" worth of products annually. Further, Defendant considers Dove one of its "master brands."

4. Defendant organizes its personal care products into three categories: skin cleansing, deodorants, and oral care. For the deodorant category, Defendant claims that it is the #1 market leader with an estimated 30% market share.

5. Defendant prominently advertises, markets, and sells the Products as a deodorant that contains "no alcohol" (the "Alcohol Representation"). The Alcohol Representation promises that the Products do not contain alcohol ingredients.



6. Defendant intentionally misleads consumers into believing that the Products do not contain alcohol ingredients. It does this because consumers believe that alcohol ingredients can be harmful and cause skin irritation and allergic reactions. As a result, consumers are seeking out products without alcohol ingredients to nourish and protect their skin.

7. However, unbeknownst to consumers, the Products do contain an alcohol ingredient in the form of benzyl alcohol.

8. As such, Defendant has engaged in widespread false and deceptive conduct by designing, marketing, manufacturing, distributing, and selling the Products with the Alcohol Representation. Every package of the Products misleads consumers into believing the Products do not contain alcohol ingredients.

9. Plaintiff and Class members purchased the Products, which are designed, marketed, manufactured, distributed, and sold by Defendant. Further, Plaintiff and Class members relied to their detriment on Defendant's Alcohol Representation, when the Products do contain alcohol ingredients. Plaintiff and Class members would not have purchased the Products – or would not have paid as much as they did to purchase them – had they known the Alcohol Representation was false. Plaintiff and Class Members thus suffered monetary damages as result of Defendant's deceptive and false representation.

10. Plaintiff brings this action individually, and on behalf of similarly situated individuals who purchased the falsely and deceptively labeled Products for fraud, breach of express warranty, and violations of New York General Business Law §§ 349 and 350.

## PARTIES

11. Plaintiff Doris Gardner is a citizen and resident of, New York, who has an intent to remain there, and is therefore a domiciliary of New York. In July 2024, Plaintiff purchased Dove Men+Care 0% Aluminum Deodorant in Eucalyptus and Birch scent from CVS in Rockaway, New

3

York.  Prior to her purchase of the Product, Plaintiff reviewed the product's labeling and packaging and saw that her Product was labeled and marketed with the Alcohol Representation.  Based on the Alcohol Representation, Plaintiff believed she was purchasing a product that did not contain alcohol ingredients. Plaintiff relied on Defendant's Alcohol Representation in deciding to purchase her Product.  Accordingly, the Alcohol Representation was part of the basis of the bargain, in that she would not have purchased her Product on the same terms had she known the Alcohol Representation was not true.  After Plaintiff used her Product she experienced skin irritation in the form of bumps and itchiness.  In making her purchase, Plaintiff paid a price premium for a product that did not contain alcohol ingredients and would not cause skin irritation.

12. Defendant Unilever United States, Inc. is a Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey.  Defendant formulates, manufactures, labels, markets, distributes, and sells the Products nationwide under its in-house brand, Dove.  Defendant has maintained substantial distribution and sales in this District.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of a state different from Defendant.

14. This Court has specific jurisdiction over Defendant because it conducts substantial business within New York, including the sale, marketing, and advertising of the Product. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchase.

15. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to claims herein occurred in this District, including Plaintiff's purchase.

**FACTUAL ALLEGATIONS**

**I.    Alcohol-Free Products**

16.    The alcohol-free personal care market is valued at 6.9 billion dollars, with an estimate that the market will exceed 12.2 billion dollars by 2030.

17.    Consumers are increasingly seeking out alcohol-free formulations for personal care products because alcohol ingredients are known for their potential to cause skin irritation.

18.    In response to this demand, personal care companies – including Defendant – are increasingly introducing alcohol-free product lines to meet consumer demand for gentle, non-irritating personal care.

19.    Alcohol ingredients are often used as solvents and preservatives in personal care products. In particular, these ingredients are often used in deodorant products for their antibacterial and deodorizing properties.

**II.    Defendant's "No Alcohol" Representation is False and Misleading**

20. Defendant falsely and misleadingly represents that the Products contain "no alcohol":



21. However, the Products contain benzyl alcohol, and therefore the Products are not in fact alcohol-free:



22. Benzyl alcohol (also known as phenylmethanol) is an alcohol that is commonly used as a preservative, solvent, or fragrance in products.

23. However, benzyl alcohol is known to cause skin irritation in the form of redness, itching, and swelling. Benzyl alcohol is also associated with dermatitis and eczema. These are the exact issues that consumers are looking to avoid when they purchase products that promise they contain no alcohol ingredients.

24. Accordingly, because the Products contain benzyl alcohol, the Alcohol Representation is false and misleading.

25. Defendant's conduct thus deceived and/or was likely to deceive the public.

26. Plaintiff and Class members were deceived into believing the Products contain no alcohol ingredients, when in fact they contain benzyl alcohol.

27. Plaintiff and Class members would not know the true nature of the Products by looking at the front labels of the Products. There is nothing on the front labels (like an asterisk) disclaiming or modifying the Alcohol Representation. The Alcohol Representation is not ambiguous or vague to reasonable consumers such that they would reasonably think or be expected to investigate the Alcohol Representations further before purchasing the products.

28. Moreover, the ingredients list does not preclude consumer deception. As one court has noted, "a company can't say something misleading on the front of a label and escape liability by stating 'that's not actually what we mean' in fine print on the back." *Locklin v. StriVectin Operating Co., Inc.*, 2022 WL 867248, at *3 (N.D. Cal. Mar. 23, 2022); *Richardson v. Edgewell Pers. Care, LLC*, 2023 WL 7130940, at *2 (2d Cir. Oct. 30, 2023) (Plaintiffs are "not expected to 'look beyond misleading representations' on the front label 'to discover the truth from the ingredient list[.]'")

29. Plaintiff and Class members purchase the Products in reliance on the Alcohol Representation, reasonably believing the Products do not contain alcohol ingredients.

30. Plaintiff's and Class members' reasonable belief that the Products were alcohol-free was a significant factor in their decisions to purchase the Products.

31. Plaintiff and Class members did not know, and had no reason to know, that the Products contained alcohol ingredients because of how the Products are deceptively labeled and advertised to create the impression the Products do not contain alcohol ingredients. Nothing on the front packaging of the Products indicates that the Products contains alcohol ingredients.

32. Defendant knew that Plaintiff and Class members would rely on the Alcohol Representation and would therefore reasonably believe the Products did not contain alcohol ingredients.

33. Because the Products contain benzyl alcohol contrary to the Alcohol Representation, Defendant's uniform practice regarding the marketing and sale of the Products was and continues to be misleading and deceptive.

34. Each Class member has been exposed to the same or substantially similar deceptive practices, as the Products uniformly contain benzyl alcohol.

35. Consumers are willing to pay a price premium for alcohol-free personal care products. They are also induced to make purchases that they otherwise would not have, but for the belief that the Products did not contain alcohol ingredients. Plaintiff and Class members would not have purchased the Products had they known the Products contained alcohol ingredients. Further, Plaintiff and Class members paid a price premium for the Products because of the Alcohol Representation. Therefore, Plaintiff and Class members suffered an injury in fact and lost money as a result of Defendant's false and misleading Alcohol Representation.

## CLASS ALLEGATIONS

36. *Class Definition*: Plaintiff brings this action on behalf of all people who purchased at least one of the Products in the United States within the applicable statute of limitations period.

37. *New York Subclass Definition*: Plaintiff brings this action on behalf of all people who purchased at least one of the Products in the state of New York within the applicable statute of limitations period.

38. The class definitions are a placeholder that may be altered or amended before final judgment. Fed. Civ. P. 23(c)(1)(C). Subject to additional information obtained through further investigation and discovery, the foregoing class definitions may be expanded or narrowed by

amendment or in the motion for class certification, including through the use of subclasses.

39. Excluded from the putative classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family. Also excluded are any claims for personal injury.

40. *Numerosity.* Class members are so numerous that their individual joinder is impracticable. The classes include thousands of consumers. The precise number of class members and their identities are unknown to the Plaintiff at this time but may be determined through discovery.

41. *Commonality and Predominance.* Common questions of law and fact exist as to all class members and predominate over questions affecting only individual class members. Common legal and factual questions include, but are not limited to:

   a. Whether the Alcohol Representation has a tendency to deceive;

   b. Whether the Alcohol Representation is materially misleading;

   c. Whether Plaintiff and Class members are entitled to damages;

   d. Whether Plaintiff and Class members are entitled to statutory damages;

   e. Whether Defendant's conduct, as alleged herein, violates the consumer protection laws asserted here; and

   f. Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

42. *Typicality.* Plaintiff's claims are typical of the claims of class members because Plaintiff and Class members sustained damages as a result of Defendant's uniform wrongful conduct.

43. *Adequacy.* Plaintiff will fairly and adequately protect the interests of class members.

Plaintiff retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff will vigorously prosecute this action on behalf of class members.

44. *Superiority*. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for class members; the class is readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

45. Without a class action, Defendant will likely retain the benefits of its wrongdoing.

## FIRST CAUSE OF ACTION
### Violation of New York General Business Law § 349

46. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

47. Plaintiff brings this cause of action individually and on behalf of the New York Subclass members.

48. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

49. In their sale of goods throughout the State of New York, Defendant conducts business and trade within the meaning and intendment of New York's General Business Law § 349.

50. Plaintiff and Class members are consumers who purchased the Products for their personal use.

51. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices, as alleged above.

52. The foregoing deceptive acts and practices were directed at consumers.

53. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics and quality of the Products to induce consumers to purchase the same.

54. By reason of this conduct, Defendant engaged in deceptive conduct in violation of New York's General Business Law.

55. Defendant's actions are the direct, foreseeable, and proximate cause of the damages Plaintiff and Class members have sustained from having paid for and used the Product.

56. As a result of Defendant's violations, Plaintiff and Class members have suffered damages because: (a) they would not have purchased the Products on the same terms if they knew about Defendant's misrepresentation; (b) they paid a price premium for the Products due to the misrepresentation; and (c) the Products do not have the characteristics, uses, benefits, or qualities as promised.

57. Plaintiff seeks all available relief under this cause of action.

## SECOND CAUSE OF ACTION
### Violation of New York General Business Law § 350

58. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

59. Plaintiff brings this cause of action individually and on behalf of the New York subclass members.

60. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

61. Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect."

62. Based on the foregoing, Defendant engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of New York's General Business Law § 350.

63. Defendant's false, misleading, and deceptive statement and representation of fact were and are directed toward consumers. Defendant also actively concealed and knowingly admitted material facts regarding the true nature of the Product.

64. Defendant's false, misleading, and deceptive statement and representation of fact and omissions were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

65. Defendant's false, misleading, and deceptive statement and representation of fact has resulted in consumer injury or harm to the public interest.

66. As a result of Defendant's false, misleading, and deceptive statement and representation of fact, Plaintiff and class members have suffered and continue to suffer economic injury.

67. As a result of Defendant's violations, Plaintiff and Class members have suffered damages because: (a) they would not have purchased the Products on the same terms if they knew about Defendant's misrepresentation; (b) they paid price premium for the Products due to the misrepresentation; and (c) the Products do not have the characteristics, uses, benefits, or qualities as promised.

68. Plaintiff seeks all available relief under this cause of action.

### THIRD CAUSE OF ACTION
**Fraud**

69. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

70. Plaintiff brings this cause of action individually and on behalf of the Class and Subclass members.

71. As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information about the Product, including but not limited to the Alcohol Representation.

72. This misrepresentation was made with knowledge of its falsehood.

73. The misrepresentation made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce, and actually induced Plaintiff and Class members to purchase the Products.

74. The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## FOURTH CAUSE OF ACTION
### Breach of Express Warranty

75. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

76. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass members.

77. As the designer, manufacturer, marketer, distributor, and/or seller of the Products, Defendant issued an express warranty by representing to consumers at the point of purchase that the Products were alcohol-free

78. Defendant's representation was part of the description of the Products and the bargain upon which the Products were offered for sale and purchased by Plaintiff and Class members who reasonably relied on the Alcohol Representation.

79. In fact, the Products do not conform to the above-referenced representation because, as alleged in detail above, the Products contain benzyl alcohol. Thus, the warranty was breached.

80.     On December 16, 2025, prior to the filing of this Complaint, Plaintiff's counsel sent Defendant a warranty notice letter that complied in all respects with U.C.C. 2-607. The letter provided notice of breach of express warranty. The letter was sent via certified mail with return receipt to Defendant advising Defendant that it was in violation of the U.C.C. 2-607 and state consumer protection laws and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. The letters stated that they were sent on behalf of Plaintiff and all other similarly situated purchasers.

81.     As a direct and proximate results of Defendant's breach, Plaintiff and Class members were injured because they: (1) paid money for Products that were not as Defendant represented; (2) were deprived of the benefit of the bargain because the Products they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Products they purchased had less value than Defendant represented. Had Defendant not breached the express warranty by making the false Alcohol Representation alleged herein, Plaintiffs and Class members would not have purchased the Products or would not have paid as much as they did for them.

82.     Plaintiff seeks all available relief under this cause of action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed class, prays for the following relief:

A.  Certification of the proposed Class and Subclass; appointment of Plaintiff as representative of the Class and Subclass; and appointment of undersigned counsel as counsel for the Class and Subclass;

B.  A declaration that Defendant's actions complained of herein violated the statutes referenced herein;

C. For an order finding in favor of Plaintiff and Class members on all counts asserted herein;

D. For actual, compensatory, statutory, nominal, and/or punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order awarding Plaintiff and Class members their reasonable attorney fees, expenses, and costs of suit.

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a jury trial on all issues so triable.

Dated: December 29, 2025                Respectfully submitted,

*/s/ Stacey Ann Van Malden*

Stacey Ann Van Malden
**GOLDBERGER & DUBIN, PC**
401 Broadway, Ste 306
New York, NY 10013
(212) 431-9380
Fax: (212) 966-0588
Email: staceyl11@optonline.net

Brittany S. Scott*
**SMITH KRIVOSHEY, PC**
28 Geary Str Ste. 650 No. 1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: 888-410-0415
E-Mail: brittany@skclassactions.com

*Counsel for Plaintiffs and the Class*

*Pro hac vice forthcoming

15